**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4197

SAMUEL MCCRAE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-91-261-D)

Submitted: August 11, 1998

Decided: September 1, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Lisa B. Boggs, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samuel McCrae pled guilty to breaking into a post office in violation of 18 U.S.C.A. § 2115 (West Supp. 1998). The district court imposed a sentence of thirty months imprisonment, thirty-six months supervised release, restitution, and a special assessment. After serving his sentence, McCrae was released on supervision. Because McCrae violated the conditions of his supervised release, the district court revoked his supervised release and sentenced him to twenty-four months imprisonment to run consecutively to the state sentence he was then serving. McCrae noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, counsel presented this court with one nascent issue. The time for filing a supplemental brief has passed and McCrae has not responded. Because we find the claim raised by counsel to be without merit and can discern no other error in the record on appeal, we affirm McCrae's conviction and sentence.

McCrae contends that the district court erred by ordering that his sentence for violating his supervised release conditions run consecutively, instead of concurrently, to the state sentence, which McCrae was serving at the time of his supervised release revocation hearing. At the revocation hearing, McCrae requested a sentence concurrent with the state sentence he was then serving. However, the district court imposed a consecutive sentence. While U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (1997), calls for a term of imprisonment imposed upon revocation of supervised release to be consecutive to any sentence the defendant is serving, the Chapter 7 policy statements are not binding on the district court. See United States v. Davis, 53 F.3d 638, 641-42 (4th Cir. 1995). The sentencing court noted that the only discretion it had in this case was whether or not the federal sentence should run concurrently or consecutively to

2

McCrae's state sentence. The court found "that there [was] no suffi-cient cause [] shown to do other than run the sentence consecutive." We find that the district court did not abuse its discretion.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm McCrae's conviction and sentence. We deny defense counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from represen-tation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3